[Cite as *State v. Luzar*, 2026-Ohio-1608.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-G-0039** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ROBERT A. LUZAR, JR., | |
| Defendant-Appellant. | Trial Court No. 2021 C 000182 |

## OPINION AND JUDGMENT ENTRY

Decided: May 4, 2026
Judgment: Affirmed

*James R. Flaiz*, Geauga County Prosecutor, *Nicholas A. Burling* and *Christian A. Bondra*, Assistant Prosecutors, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Robert A. Luzar, Jr., appeals his life sentence for Rape in the Geauga County Court of Common Pleas. For the following reasons, we affirm Luzar's sentence.

***Procedural and Substantive History***

{¶2} On May 8, 2025, Luzar entered a plea of guilty to Rape ("the victim being less than 10 years of age"), a felony of the first degree in violation of R.C.

2907.02(A)(1)(b), and Rape ("the victim being less than 13 years of age"), a felony of the first degree in violation of R.C. 2907.02(A)(1)(b).

{¶3}    On October 2, 2025, the sentencing hearing was held.  The trial court sentenced Luzar to mandatory, consecutive prison terms of fifteen years to life for Rape ("the victim being less than 10 years of age") and eight years for Rape ("the victim being less than 13 years of age").

{¶4}    On October 31, 2025, Luzar filed a Notice of Appeal.

{¶5}    On appeal, Luzar raises the following assignment of error: "The trial court erred and abused its discretion when it sentenced defendant-appellant to a life term as to the charged rape offense in count v of the indictment ["the victim being less than 10 years of age"]."

***Standard of Review***

{¶6}    "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court."  R.C. 2953.08(G)(2).  "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing … if it clearly and convincingly finds either … [t]hat the record does not support the sentencing court's findings under division … (C)(4) of section 2929.14 [to impose consecutive sentences]" or "[t]hat the sentence is … contrary to law."  R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 2016-Ohio-1002, ¶ 1.  "[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of

felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citations omitted.) *State v. Lucas*, 2026-Ohio-230, ¶ 15 (11th Dist.).

### *Luzar's Sentence is not Contrary to Law*

{¶7} Luzar argues that the "trial court erred when it sentenced Appellant to a life penalty" as the record does not support the sentencing court's findings. "Appellant's background and circumstances [set] him apart from other defendants charged with similar offenses" and "[a] sentence other than a life penalty would still punish the offender, adequately protect the public, and provide the opportunity for meaningful counseling and treatment." Brief of Appellant at 4.

{¶8} The State correctly notes that a life sentence was statutorily mandated in the present case. The applicable version of R.C. 2971.03 provides that "if a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code …, the court shall impose upon the person[,] … [i]f the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment." R.C. 2971.03(B)(1)(b).[1] However, "if the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, … the court may impose upon the offender a term of life without parole." R.C. 2907.02(B). Accordingly,

---

1. Although enacted after the commission of the crimes to which he pled, Luzar was entitled to be sentenced pursuant to the current version of the statute pursuant to R.C. 1.58(B) ("[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended").

Case No. 2025-G-0039

the only sentence that could be lawfully imposed was a life sentence, either with or without the possibility of parole.

{¶9} The sole assignment of error is without merit.

{¶10} For the foregoing reasons, Luzar's life sentence for Rape imposed by the Geauga County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-G-0039

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0039